■ MARTIN CHERLIN, Appellant, v NORMAN M. EPSTEIN, Respondent. [690 NYS2d 432] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered March 30, 1998, which, in an action to recover on a promissory note that defendant gave plaintiff in exchange for plaintiff's equity interest in two corporations, denied plaintiff's motion for summary judgment in lieu of complaint, and directed defendant to serve an answer, unanimously affirmed, with costs.

Summary judgment on the note in issue is precluded by issues of fact. Plaintiff concedes his warranty "that the current outstanding operating expenses of both [corporations] do not exceed $50,000" is intertwined with defendant's obligation to pay the note. There are factual issues as to whether such amount was intended to include operating expenses that were already outstanding at the time the note was made (*see, Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191), and, if so, whether such pre-note operating expenses exceeded $50,000. We reject plaintiff's claim that the schedule of pre-note outstanding expenses to which defendant attested in opposition to the motion is not evidence in admissible form, but do not foreclose a motion court from later requiring defendant, prior to trial, to produce documentation of his claim such as bills and canceled checks. Concerning defendant's counterclaim for fraud, issues of fact exist as to, *inter alia*, the extent of defendant's knowledge of the corporations' day-to-day financial affairs prior to his buying out of plaintiff's interest therein, and the extent to which plaintiff failed to disclose the corporations' true financial conditions. Concur—Sullivan, J. P., Tom, Wallach, Lerner and Andrias, JJ.